IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEVEN CHRISTOPHER KNAPPP )
)
v. ) NO. 3:19-0542
) Richardson/Holmes
METROPOLITAN GOVERNMENT OF )
NASHVILLE & DAVIDSON COUNTY, )
et al. )

**TO: Honorable Eli J. Richardson, District Judge**

# REPORT AND RECOMMENDATION

By Order July 19, 2019 (Docket Entry No. 6), the Court referred this *pro se* case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below, the undersigned respectfully recommends that Plaintiff's motion for preliminary injunctive relief (Docket Entry No. 61) be DENIED.

## I. BACKGROUND

The *pro se* Plaintiff originally named 22 defendants in a 608 page complaint, alleging a multitude of legal claims and seeking over 80 million dollars in damages and other forms of relief. *See* Complaint (Docket Entry No. 1). By Order entered May 28, 2020 (Docket Entry No. 202), Plaintiff was directed to file, by June 26, 2020, a first amended complaint that completely replaced and supplanted his original 608 page complaint, which the Court found was exceedingly long, excessive, and unreasonable and did not comply with Federal Rule 8(a)(2). Plaintiff's deadline to file the first amended complaint has subsequently been extended to October 30, 2020. *See* Order entered July 24, 2020 (Docket Entry No. 240).

Three months after filing his original complaint, Plaintiff filed the pending motion for preliminary injunctive relief. Plaintiff seeks an order from the Court that: (1) enjoins Defendants

from operating without a Court approved record retention plan; (2) enjoins Defendants from destroying physical and electronic records; (3) orders Defendants to preserve all physical and electronic records; (4) enjoins Defendants from obstructing physical or electronic access to such records for the duration of the action; and, (5) orders Defendants to cause third parties to preserve physical and electronic records. *Id*. Responses in opposition to the motion have been filed by several Defendants, *see* Docket Entry Nos. 75, 78, 80, and 165, and Plaintiff has filed replies in further support of his motion. *See* Docket Entry Nos. 97, 98, and 172.

In one of his replies, Plaintiff attaches (1) a copy of a written request he made under the Tennessee Public Records Act to the Nashville Metropolitan Development and Housing Agency ("MDHA") for a photograph of him that he contends was taken by an employee of the MDHA on a MDHA owned I-phone and (2) the response he received that stated that no such record exists. *See* Docket Entry No. 97-1 at 4-6. He also attached a string of e-mails between himself and a person only identified as "council member" in which the council member states that the then-current director of the Nashville Metro Legal Department, who was formerly the general counsel for the Metro Council, advised the Metro Council to delete their e-mails. *Id*. at 97-1 at 2-6.

## II. ANALYSIS

Preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. *See Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). Such measure are considered extraordinary relief, *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972), and the moving party has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied because he has not met his burden. First, the Court notes that while Plaintiff has provided a small measure of evidence in support of his motion, he has not presented a sufficient level of evidence that either supports his contention of evidence destruction or the need for the type of sweeping injunctive relief he requests. The evidence of one instance when there is not being a record available through his records request of a picture allegedly taken by a MDHA is a single, limited event, has relevance only to the MDHA Defendant, and is not indicative of conduct by any of the other Defendants. Additionally, Plaintiff's production of the e-mail string is simply not evidence of conduct by any of the defendants in this case and is, on its face, hearsay.

As to the specific factors required, Plaintiff has not shown a strong or substantial likelihood of success on the merits of his claims. Indeed, given that Plaintiff's first amended complaint is still to be filed, his likelihood of success on any claim is nebulous at best. Furthermore, given that the requested order is directed at the preservation of evidence, the Court fails to see how Plaintiff will suffer irreparable harm if the injunctive relief requested is not granted. A litigant's failure to preserve relevant evidence can lead to the imposition of significant sanctions for spoliation. *See Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). Thus, a remedy exists for the potential harm which Plaintiff seeks to prevent by the injunctive order he requests. Finally, the Court finds that the balancing of equities does not tip in favor of Plaintiff with respect to his request for preliminary injunctive relief. The law already requires Defendants to preserve the evidence relevant to this case, without the need for the court's intervention. Thus, "[a] court order would add nothing to the duties that the litigants already have to preserve evidence." *Harper v. Toxicology*, 2013 WL 12109525 at *1 (W.D.Mich. Nov. 6, 2013). *See also Equal Emp't Oppor. Comm'n v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 576 (6th Cir.1984) ("obey the law" injunctions are improper)).

3

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motion for a preliminary injunction (Docket Entry No. 61) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge