IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN CHRISTOPHER KNAPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00542 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE & DAVIDSON COUNTY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Reconsider Granting Leave to File Excess Pages. (Doc. No. 336, "Motion"). Despite framing his motion as a request for reconsideration of granting leave to file excess pages, implying that the Court previously denied a request from him to file excessive pages, Plaintiff has not at any point requested leave from this Court to file excess pages in his objection to the Magistrate Judge's Report and Recommendation.[1] Plaintiff seems to be asking for reconsideration of the Court's clear directive in its previous order, which stated that "[n]o extension of time or enlargement of the number of pages allowed will be granted." (Doc. No. 335 at 2). For the reasons discussed herein, the Motion is **DENIED**.

In the previous Order, the Court struck Plaintiff's objections, entitled "omnibus objection" and totaling over 150 pages, for lack of compliance with Local Rule 72.02.[2] (Doc. No. 335). The

---

[1] Plaintiff offers in his Memorandum in support of his Motion to file such a motion after consideration of the present Motion. (Doc. No. 337 at 2). Plaintiff does not indicate that he would seek a typical page increase, and instead indicates that he would request more than 150 pages to object to the Report and Recommendation. (*Id.*).

[2] Local Rule 72.02 states: "objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited

Court gave Plaintiff an additional two weeks to file objections in compliance with Local Rule 72.02 and set out specific page numbers for Plaintiff to adhere to.

Throughout this litigation, Plaintiff has shown an inability to follow page limitations. The Report and Recommendation (Doc. No. 333) was prompted when Plaintiff did not comply with an order of the Magistrate Judge which ordered him to file an amended complaint in compliance with Fed. R. Civ. P. 8. Plaintiff's Complaint contains 1066 pages; 608 of them comprise the Complaint itself, and the other 458 comprise exhibits. (Doc. No. 1). Despite various extensions, Plaintiff has not filed an amended complaint that complies with Fed. R. Civ. P. 8. The Court will not grant Plaintiff excess pages for his objections to the Report and Recommendation when Plaintiff has already consistently refused to adhere to page limitations throughout the course of this litigation.[3] Further, the Court believes that the page limitations, as set out in the Order, are sufficient for Plaintiff to object to the Magistrate Judge's Report and Recommendation.

As stated in the previous order, Plaintiff may re-file his objections in compliance with the Local Rules by January 4, 2020. Plaintiff may file a list of his objections, which should take no

---

to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. A separately filed supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections."

[3] Plaintiff argues that the Court is somehow being inequitable in not allowing him to file excess pages. Plaintiff claims that Defendant City of Nashville violated Local Rule 7.03(a)(3) when responding to Plaintiff's Motion for Reconsideration. (Doc. No. 269). The Court has not yet ruled on Plaintiff's Motion for Reconsideration or considered if responses were appropriately filed. Plaintiff also claims that Defendant CREA violated 7.01(a)(2) by failing to file a Memorandum of Law in support of its Motion to Stay. (Doc. No. 296). Plaintiff states that the Magistrate Judge granted this motion, but the Order of the Magistrate Judge was not specifically ruling on that Motion and merely stated that the Motion was "effectively granted." (Doc. No. 306 at 2). Regardless, Plaintiff cannot escape necessary page count limitations by pointing the finger at Defendants. The Court additionally notes that Plaintiff was given more time in the previous order to respond to the Report and Recommendation in compliance with Local Rule 72.02, an extension the Court was not compelled to give. The Court is in no way acting inequitably in denying this Motion.

more than five (5) pages based on his enumerated objections. (Doc. No. 334 at i-v). Plaintiff's separately filed supporting memorandum of law is not to exceed twenty-five (25) pages. This is a total of thirty (30) pages, five pages (5) for his objections and twenty-five (25) for his supporting memorandum of law. Plaintiff may combine the documents if he so chooses, but the document is not to exceed thirty (30) pages. No extension of time or enlargement of the number of pages allowed will be granted.

The Court has approximately 500 other cases to attend to and will not allow Plaintiff to monopolize its time with filings that are entirely unreasonable and unauthorized in their length. He shall conduct himself accordingly or, if he does not do so, face the consequences.

The Court has considered Plaintiff's Motion and reconsidered its previous Order. Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE