IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEVEN CHRISTOPHER KNAPP, )
          )
   Plaintiff,   )
          )  NO. 3:19-cv-00542
v.         )  JUDGE RICHARDSON
          )
METROPOLITAN GOVERNMENT OF )
NASHVILLE & DAVIDSON COUNTY, )
et al.,        )
          )
   Defendants.  )

## MEMORANDUM OPINION

Pending before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge recommending dismissal of this case. (Doc. No. 333). Plaintiff has filed objections and a memorandum in support thereof. (Doc. Nos. 339, 340, collectively, "Objections to the R&R").

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[1]

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a

1

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections to the R&R, and the file. For the reasons set forth below, the Objections to the R&R of the Plaintiff are overruled, and the R&R is adopted and approved. This matter will be dismissed with prejudice in accordance with the R&R.

## BACKGROUND

In this action, *pro se* Plaintiff Steven Christopher Knapp filed a Complaint (Doc. No. 1) alleging claims against 21 named Defendants and one "anonymous" Defendant. In 1066 pages (608 for the Complaint itself and 458 for exhibits), Plaintiff's Complaint makes many allegations, including, among other things, fraud and retribution. Defendants are the Metropolitan Government of Nashville and Davidson County, Metro Development and Housing Agency, as well as various companies and individuals. Plaintiff seeks various forms of compensatory and non-compensatory damages, as well as equitable relief.

Due to the length of the Complaint, in an Order dated May 28, 2020, the Magistrate Judge gave Plaintiff an opportunity to amend in lieu of a dismissal, noting the requirements of Fed. R. Civ. P. 8 and potentially fatal issues with some of the legal claims and relief sought. (Doc. No. 202, "May 28 Order"). Once filed, Plaintiff's amended complaint would replace his original complaint. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). The Order also served to put Plaintiff "on notice" that the Magistrate Judge would dismiss the amended complaint under Rule 8 if it suffered from the same issues as the original Complaint, since he was given an opportunity to cure. The Magistrate Judge subsequently granted Plaintiff extensions to

separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a).

file his first amended complaint, first until July 17, 2020, and then until October 30, 2020. (Doc. Nos. 219, 240). Plaintiff subsequently filed a Motion to Set Aside the May 28 Order (Doc. No. 271). On October 29, 2020, Plaintiff filed a "Notice of Non-Compliance with Void Order" and informed the Court that he would continue litigating his claims without complying with the May 28 Order. (Doc. No. 282). Various Defendants filed motions to dismiss following Plaintiff's Notice of Non-Compliance. (Doc. Nos. 283, 285, 291, 297, 299). The Magistrate Judge ordered Plaintiff to file a single, collective response to the motions to dismiss. (Doc. No. 306). Plaintiff responded by filing a motion to show cause as to why he should comply with the order (Doc. No. 308), a motion to strike (Doc. No. 310), a motion to review the order (Doc. No. 312), and a motion claiming that the Magistrate Judge's order was void (Doc. No. 315).

Pending before the Court is an R&R from the Magistrate Judge recommending dismissal of this case. (Doc. No. 333). Plaintiff timely filed objections to the R&R, which this Court struck from the record for lack of compliance with the local rules, as the objections exceeded 150 pages. (Doc. No. 335). In its order, the Court reminded Plaintiff of Local Rule 72.02, specified page limitations in accordance therewith, and gave Plaintiff two weeks to re-file his objections. (*Id.*). Plaintiff filed a Motion for Reconsideration of the order (Doc. No. 336), which the Court denied. (Doc. No. 338). Plaintiff then timely filed Objections to the R&R and a memorandum in support thereof in compliance with the Court's order. (Doc. Nos. 339, 340).

The same day that he filed his Objections to the R&R, Plaintiff filed several other motions. Plaintiff filed Objections to the District Judge's Order Denying Leave to File Excess Pages and a memorandum in support thereof (Doc. Nos. 341, 342, collectively, "Objections to the Order"), a Second Motion to Set Aside First and Second Void Orders and a memorandum in support thereof (Doc. Nos. 343, 344), a Motion for Leave to Suspend Local Rule 7.02(a)(2) with Respect to

Plaintiff's Contemporaneously filed Motion to Stay Entry of Final Order of Dismissal With Prejudice (Doc. No. 345), and a Motion to Stay Entry of Final Order of Dismissal With Prejudice Pending Submission and Resolution of Petition for Writ of Mandamus to the Court of Appeals for the Sixth Circuit and a memorandum in support thereof (Doc. No. 346, 347).

In addition to the various motions to dismiss, the Report and Recommendation, and the motions Plaintiff filed with his Objections to the R&R, there are a variety of other pending motions in this case. Plaintiff has filed: Motion for Preliminary Injunctive Relief (Doc. No. 61); Motion for Review re Report and Recommendation (recommending denial of the preliminary injunction) (Doc. No. 251); Motion for Reconsideration, Correction, and Objection (Doc. No. 261); Motion for Declaratory Judgment as to Defendant MDHA's Waiver of All Defenses Except Defenses under Rule 12(b)(4) and 12(b)(5) (Doc. No. 264); Consolidated Motion to Set Aside Order for Lack of Procedural Due Process of Law and Compel Defendants' Answer (Doc. No. 271); Motion to Show Cause as to Why Licensed Defendants and Retained Counsel Should Not Be Subject to a Formal Complaint with the Tennessee Supreme Court's Board of Professional Responsibility (Doc. No. 280); Motion for Leave to File the Consolidated Motion for Summary Judgment on the Issues of State Action and Public Forum Analysis as to the Common Areas and Hallways of Ryman Lofts in Excess of Page Limit (Doc. No. 286); Consolidated Motion for Summary Judgment on the Issues of State Action and Public Forum Analysis as to the Common Areas and Hallways of Ryman Lofts (Doc. No. 287); Motion for Leave to Extend Filing Deadline (Doc. No. 301); Motion to Show Cause (Doc. No. 308); Motion To Strike (Doc. No. 310); Motion for Review and Objection to Order  (Doc. No. 312); Motion to Set Aside Void Order and Incorporated Memorandum of Law (Doc. No. 315); Motion to Admit All Exhibits into Evidence (Doc. No.

321); Motion to Grant Unopposed Relief (Doc. No. 326); and Motion to Strike for Violation of Local Rule 7.01(A)(4), Harassment, and Illegitimacy (Doc. No. 331).

## DISCUSSION

The Magistrate Judge issued the R&R due to "Plaintiff's clearly stated refusal to comply with an Order from the Court to file an amended complaint and his continued defiance of the Court's orders."[2] (Doc. No. 333 at 1). Summarized, Plaintiff's primary objections are that 1) the Magistrate Judge is unfair and biased and so this Court lacks jurisdiction, 2) the Magistrate Judge pre-judged Plaintiff's claims and did not adequately supervise litigation, 3) the Magistrate Judge unfairly applied Rule 8 to Plaintiff, 4) the Magistrate Judge inappropriately characterized potential issues with the Complaint and coerced Plaintiff to abandon claims, 5) the issue of voidness may be raised at any time, 6) the Magistrate Judge unlawfully attempts to self-confer jurisdiction and declare the previous orders valid, 7) the Magistrate Judge ignores Defendants' improper fabrications of the record, and 8) the R&R attempts to "scrub clean" the "taint" of the discriminatory due process violations of the May 28 Order and to vilify a *pro se* plaintiff (Doc. Nos. 339, 340). Despite the R&R clearly laying out Plaintiff's conduct that warrants dismissal of this case, Plaintiff has continued the same kind of conduct in objecting to the R&R and in continuing to litigate this case.

Plaintiff's reliance on Fed. R. Civ. P. 60(b) to claim that the May 28 Order is void is misplaced. Whereas that rule applies only to a final judgment, order, or proceeding, the May 28 Order is an interlocutory order not subject to Rule 60(b). Additionally, an order is void "under

---

[2] Though the Magistrate Judge's R&R focuses on Plaintiff's defiance of the May 28 Order (ordering Plaintiff to comply with Rule 8 and to file an amended complaint) and his repeated declarations that it is void, Plaintiff also filed a similar motion attacking the validity of the November 9 Order requiring him to respond to Defendants' motions to dismiss. (Doc. No. 315).

5

60(b)(4) [only] if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (internal quotation marks and citation omitted). This Court clearly has jurisdiction over this matter, and there has been no action on the part of this Court inconsistent with due process. In his Objections to the R&R, Plaintiff continues to defy the Court's orders and claim that previous orders of this Court are void:

> Magistrate Judge Barbara S. Holmes and the Court are without jurisdiction to dismiss this action with prejudice as a sanction for lawful, respectful, and procedurally proper resistance to the void *ab initio* First and Second Void Orders which are void due to negative pre-judgment, judicial coercion, and lack of neutrality, which violate Plaintiff's fundamental 5th and 14th Amendment rights to a fair tribunal, a neutral jurist, due process, and equal protection of law . . . The Court cannot unfairly thumb the scales of justice in Defendants' favor and then pretend it has acted fairly. Plaintiff objects to the R&R's false discrediting, negative character attacks, and vilification while failing to show the First and Second Void Orders' (Dkt. 202, 306) are anything other than absolute legal nullities . . ."

(Doc. No. 340 at 1). Though Plaintiff—via conclusory, unsupported, and false aspersions cast upon the Magistrate Judge—consistently declares that the May 28 Order is void, the Order is not void, and Plaintiff cannot unilaterally declare it as such and refuse to comply.

Fed. Rule Civ. P. 16(f)(1)(C) allows a Court, on a motion or *sua sponte*, to issue any just orders if a party fails to obey a scheduling or other pretrial order. Sanctions in Rule 37(b)(2)(A), which are specifically allowed by Rule 16(f)(1), include dismissing the proceedings in whole or in part. Additionally, Rule 41(b) allows the Court to dismiss an action when the plaintiff fails "to comply with these rules or a court order." The Court also possesses inherent authority to enforce its own orders and to sanction a party that does not comply with the orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991).

The Sixth Circuit has stated that four factors should be considered in determining if dismissal is an appropriate sanction for failure to comply with a Court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* (quoting *Reyes*, 307 F.3d at 458). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Id.* (quoting Carpenter v. City of Flint, 723 F.3d 700, 705 (6th Cir. 2013)).

Considering the first factor, "[t]o show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Id.* (quoting *Carpenter*, 723 F.3d at 705). Plaintiff's conduct shows exactly that. The contumacious conduct of Plaintiff has continued after the filing of the R&R. As noted, Plaintiff has continued to refuse to comply with the May 28 Order. In addition to refusing to comply with the May 28 Order, Plaintiff's willful and contumacious conduct has continued in two other ways despite the entry of the R&R: his contemptuous statements regarding this Court, and his attempts to control how this Court rules and conducts the judicial process.

In the R&R, the Magistrate Judge noted that "[a]lthough Plaintiff states in many of his filings that he does not intend to act contumaciously, disrespectfully, or to be dilatory, his actual conduct in the case shows otherwise. In addition to Plaintiff's willful noncompliance with the Court's Orders, statements that he makes in his filings further evidence his contempt toward the Court." (Doc. No. 333 at 10). Plaintiff has continued to make statements that show contempt toward the Court after the filing of the R&R. In his Objections to the R&R, Plaintiff states that the

7

Magistrate Judge is "closed-minded, biased," "merely throwing a judicial temper tantrum,"[3] "has forfeited her authority," and has "discriminatory bias [that] is clear, convincing, shocking, and disqualifying." (Doc. No. 340 at 9, 25). In addition to the Objections to the R&R, Plaintiff filed objections to this Court's order requiring that Plaintiff adhere to the page limitations for objections. But filing "objections" to a district judge's order is not a cognizable response to a district judge's order. Moreover, Plaintiff already filed a motion to reconsider (Doc. No. 336) regarding the same order (which this Court denied at Docket No. 338), and thus it seems that Plaintiff has craftily sought to bring a second motion to reconsider in any manner non-compliant with the applicable rules, which itself is suggestive of Plaintiff's lack of respect for this Court, given that the Court has already reconsidered its previous order that was predicated on Plaintiff's lack of compliance with this Court's local rules. In his Objections to the Order, Plaintiff uses language similar or identical to that described as contumacious and disrespectful in the R&R, characterizing the undersigned (referred to by Plaintiff primarily as the "District Judge" or "District Court" rather than by name) as "fundamentally biased, illegitimate, and without jurisdiction," "authoritarian[]," and "false" and "deceptive" in his characterization of this case.[4] (Doc. No. 342 at 1, 4, 5).

The problem here is not that Plaintiff disagrees with the Magistrate Judge and the undersigned. He is free to do so and is entitled to his opinion, and the undersigned has no expectations that Plaintiff will like a particular ruling from this Court. Nor is the problem that Plaintiff's stated views are unsupported, uninformed, and just plain wrong (which they are). The

---

[3] If anyone in these proceedings is throwing a temper tantrum, suffice it to say that it is not the Magistrate Judge.

[4] Though the Court has selected quotations from the Objections to the Order to illustrate Plaintiff's contumacious and disrespectful language, the Court notes that Plaintiff uses much of the same language throughout various other filings. (*E.g.* Doc. Nos. 345, 346, 347).

8

problem instead is that his stated views are yet further indicia that his failure to comply with Court orders satisfies the standard for dismissal under Rule 41(b) in that it (a) has been motivated by bad faith (animus towards the Court) and willfulness, and (b) displays an intent to thwart judicial proceedings (which, after all, he considers to be "illegitimate" in this case) or a reckless disregard for the effect of his conduct on these proceedings.

Plaintiff has also continued to indicate that he will not comply with this Court's orders, that he does not recognize the jurisdiction of this Court, and that he should be able to dictate the judicial process and the outcome of this case. The Magistrate Judge noted in the R&R that this was problematic, stating that:

> Plaintiff has clearly decided that he will not comply with the Court's Orders, which he deems void and illegitimate, and he appears to want to litigate the case on his own terms, as exemplified in recent motions in which he requests that *the Court* "show cause" *to him* why he should comply with the Court's own Orders, see motion to show cause (Docket Entry No. 308) at 1; memorandum in support (Docket Entry No. 327) at 7, and requests that certain of his motions be deemed unopposed despite the Court's entry in the November 9 Order of a stay on the filing of responses and replies.

(Doc. No. 333 at 12) (emphasis added). In his memorandum in support of his Objections to the Order, Plaintiff again makes clear his position regarding this Court and this Court's ability to issue orders that would bind Plaintiff in this case:

> Plaintiff respectfully declines to be victimized or prejudiced by the District Court's arbitrary, unconstitutional willful ignorance of binding legal authority any further. Neither the Magistrate Judge or the District Judge has explained how the First and Second Void Orders (Dkt. 202, 306) are anything other than absolute legal nullities, purporting to self-declare jurisdiction and declare those "orders" valid. "Because I said so" is insufficient to confer Constitutionally recognized jurisdiction upon this Court. Plaintiff respectfully rejects the District Court's authoritarianism.

(Doc. No. 342 at 4). Plaintiff concludes his Objections to the Order by again stating that he "**DEMANDS** Defendants' Answer," (*id.* at 25), again blatantly ignoring a stay entered by the Magistrate Judge (Doc. No. 306). Additionally, Plaintiff filed a Motion for Leave to Suspend Local

9

Rule 7.01(A)(2) (Doc. No. 345). In this motion, Plaintiff again shows a lack of respect for the Court's decision-making process. He "insist[s]" on a particular outcome to his motion (*i.e.*, in his favor) and a particular way in which the Court should so rule. Therein, Plaintiff states that: "The District Court has shown itself to be biased, discriminatory, and inequitable. Thus, Plaintiff must now respectfully insist on Plaintiff's Motion to Stay be adjudicated in the same exact manner as Defendant CREA's, as required by due process and equal protection of law." (Doc. No. 345 at 2). In order for the Court to so rule, Plaintiff requests: leave to omit a supporting memorandum of law, leave to omit an affirmative legal argument to satisfy any legal element, and the Court's refusal to consider any opposition from the Defendants. (*Id.* at 1-2). Notably, Plaintiff is already contemplating this Court entering a dismissal of prejudice will be "an ineffective and void Final Order." (Doc. No. 347 at 3).

As to the second Rule 41(b) factor, prejudice, the R&R noted that the case has essentially reached a standstill, prejudicing Defendants, because of Plaintiff's refusal to comply with the May 28 Order. (Doc. No. 333 at 11). Since Plaintiff still refuses to file an amended complaint, this case indeed remains at a standstill. The R&R additionally notes correctly that "Plaintiff continues to file motions that raise other issues, requiring Defendants to devote time and attention to collateral matters when the threshold issue of a proper complaint remains outstanding." (*Id.*). Plaintiff's flurries of filings on collateral issues have continued after the R&R, including: a motion for reconsideration (Doc. No. 336), Objections to the Order echoing the motion for reconsideration (Doc. No. 341), a second motion to set aside what Plaintiff believes to be void orders (Doc. No. 343), a motion to suspend Local Rule 7.01(a)(2) (Doc. No. 345), and a motion to stay the entry of a final order (Doc. No. 346).

As to the third factor, notice, the R&R noted that Plaintiff had not been given a prior specific warning that dismissal may result from refusing to comply with the Court's May 28 Order, but that several Defendants filed motions to dismiss, that Plaintiff contemplates dismissal in his own filings, and that the R&R itself provides a warning with a 14-day window for Plaintiff to file objections. (Doc. No. 333 at 11). Plaintiff is clearly on notice at this juncture that his contumacious conduct will result in dismissal, and yet, in objecting to the R&R, he has continued to display the same conduct that prompted the R&R in the first place.

As to the final factor, the R&R noted that since Plaintiff refuses to file an operative pleading, "there appears to be no other sanction that would be effective in compelling Plaintiff's compliance." (Doc. No. 333 at 11). This Court agrees that any lesser sanction would be ineffective, as Plaintiff is refusing to comply with an order that concerns an operative pleading. The fact that any lesser sanction would be ineffective is merely highlighted by Plaintiff's response to the R&R, rather than indicating that a lesser sanction could induce him to change his unacceptable conduct of this litigation, Plaintiff has instead revealed that he will not be deterred even by the threat of the greater sanction of dismissal. The Court would be very inclined to impose lesser sanctions if so doing would have the desired effect, but demonstrably it would not.

The Court thus finds that all the factors clearly weigh in favor of this Court dismissing the case with prejudice due to Plaintiff's contumacious conduct.

Plaintiff cannot continue to litigate this case but simultaneously unconditionally reserve the right to not obey orders of this Court. The problems presented in the R&R, namely that Plaintiff refuses to comply with Court orders, continue to permeate this case as evidenced by Plaintiff's conduct in filing his Objections to the R&R. Plaintiff simply cannot invoke the jurisdiction of this Court and then proceed to litigate on his own terms and declare that this Court does not have

jurisdiction or the authority to take certain actions that he disagrees with. The Court cannot and will not countenance Plaintiff filing motion after motion seeking various orders (with which he obviously expects Defendants to comply) while reserving for *himself* the right not to comply with court orders as he chooses. Plaintiff's recent filings show no indication that he is ready or willing to comply with Court orders, and the Court finds that it is appropriate to dismiss this case as a sanction under Fed. R. Civ. P. 16(f)(1), 37(b)(2)(A)(v), 41(b), and in accordance with its own inherent authority. Though, as noted previously, there are several motions to dismiss pending in this case, the Court herein does not specifically rule upon any of the motions to dismiss and instead will dismiss this action *sua sponte*.

## CONCLUSION

For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 333). This matter will be dismissed with prejudice.

The Court additionally will deny Plaintiff's request to ignore Local Rule 7.01 (Doc. No. 345) and to enter a stay instead of dismissal with prejudice (Doc. No. 346).[5]

As a result of the dismissal with prejudice, the other pending motions in this case will be denied as moot. (Doc. Nos. 61, 251, 261, 264, 271, 280, 286, 287, 301, 308, 310, 312, 315, 321, 326, 331, 341 (construed by this Court to be an additional motion to reconsider), and 343). The Court will not rule on the pending Report and Recommendation regarding the preliminary injunction, as it is also now moot. (Doc. No. 250). Defendants' various pending motions to dismiss

---

[5] Plaintiff argues that he cannot get the same relief on his mandamus if he appeals a final order of dismissal with prejudice. Plaintiff contemplates seeking from the Sixth Circuit "an authoritative opinion on the multiple judicial due process violations." (Doc. No. 347 at 4). The Court sees no reason why granting a stay, as opposed to entering an order of dismissal, would give Plaintiff the opportunity to seek different relief at the appellate level.

12

likewise are denied as moot based on the adoption of the R&R and dismissal of this case with prejudice. (Doc. Nos. 283, 285, 291, 297, 299).

An appropriate order will be entered.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE